UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SHTINO,

                Plaintiff,

    -against-

DONALD J. TRUMP, *et al.*,

                Defendants.

16-CV-9432 (JPO)

ORDER OF DISMISSAL

J. PAUL OETKEN, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action, requesting an emergency hearing. Plaintiff paid the requisite fees to file this action.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff[1] alleges that Defendants have "conspired with certain FBI Agents —private individuals—and favored news organization to have information (leaks) illegally (Violation of the Hatch Act and Government Ethics leading to an abuse of federal power) furnished by Government employees with the express purpose of having Donald J. Trump elected President." (Dkt. No. 1 ("Compl.") at 3.)  Plaintiff seeks to have this Court "investigate the information and beliefs in this complaint as regards illegal and unethical activities in the 2016 Election for President of the United States and —in the event the Justice Department refuses to do so—to appoint a special Counsel to conduct said investigation." (*Id.* at 41.)

**DISCUSSION**

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of 'cases' and 'controversies.'" *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 69, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). Standing to bring a lawsuit is a threshold requirement that prevents a plaintiff from bringing claims before a court unless there exists a case or controversy. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("[W]hether the plaintiff has made a 'case or controversy' . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain suit."); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

---

[1] A review of the Court's PACER system reveals that on April 12, 2001, Plaintiff filed an action against George Walker Bush, Richard Cheney, and Jim Nicholson in the District of Columbia. By order dated April 12, 2001, that case was dismissed with prejudice. *See Shtino v. Bush, et al.*, No. 01-CV-00777 (UNA) (D.D.C. Apr. 12, 2001).

The burden of establishing standing to bring a lawsuit rests with the party bringing the action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To demonstrate standing, Plaintiff must show that: (1) he has suffered "an invasion of a legally protected interest which is concrete and particularized, and actual and imminent, not conjectural or hypothetical"; (2) his injury is "fairly traceable to the challenged action of the defendant"; and (3) "the injury will be redressed by a favorable decision." *Id*. at 560-61(internal quotations omitted). "'If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.'" *Mahon*, 683 F.3d at 62 (citation omitted). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the [claim]." Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegations do not appear to describe a particularized injury sufficient to establish standing under Article III. *Lujan*, 504 U.S. at 573-74 ("[A] plaintiff raising only a generally available grievance about government . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.").

Furthermore, to the extent that Plaintiff accuses Defendants of engaging in criminal activity, he does not have the right to bring criminal charges against Defendants. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990); *New York v. Muka*, 440 F. Supp. 33, 36 (N.D.N.Y. 1977). Furthermore, because federal prosecutors possess discretionary authority to bring criminal

3

actions, they are "immune from control or interference by citizen or court . . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972); *Muka*, 440 F. Supp. at 36.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   February 23, 2017
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*

4